**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KIRK S. FREEMAN**
Law Office of Kirk Freeman
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFERY DEATON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1306-CR-519 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1209-FB-17

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Following his guilty plea and admission that he is a habitual substance offender, Jeffery Deaton ("Deaton") received a thirteen-year sentence for Possession of Methamphetamine, as a Class B felony,[1] enhanced by three years due to his status as a habitual substance offender.[2] He challenges that sentence on appeal. We affirm.

**Issues**

Deaton presents two issues for review:

I.      Whether the trial court entered an adequate sentencing statement; and

II.     Whether his sentence is inappropriate.

**Facts and Procedural History**

On January 8, 2013, Deaton pled guilty to Possession of Methamphetamine; he also admitted his status as a habitual substance offender. On March 8, 2013, Deaton was sentenced to thirteen years imprisonment for the Class B felony conviction, enhanced by three years due to his status as a habitual substance offender. Three years of his aggregate sixteen-year sentence were suspended to probation. This appeal ensued.

**Discussion and Decision**

Sentencing Statement

A person who commits a Class B felony has a sentencing range of between six and twenty years, with the advisory term being ten years. See I.C. § 35-50-2-5. Deaton received a sentence of three years above the advisory. Pursuant to Indiana Code section 35-50-2-10, a

---

[1] Ind. Code § 35-48-4-6.1.

[2] I.C. § 35-50-2-10.

2

person who is adjudicated a habitual substance offender is subject to an enhancement of between three and eight years. Deaton received the minimal three-year enhancement. He argues that the trial court failed to provide an adequate sentencing statement when imposing the aggregate sixteen-year sentence.

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491. The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id.

At sentencing, the trial court articulated the relevant sentencing considerations at length. The court observed that Deaton had pled guilty, but further stated that the mitigating nature of the circumstance was tempered somewhat by the fact that he received a benefit in exchange, as several charges were dismissed. The court also noted that Deaton had a history of employment, he had cooperated with police and long-term incarceration would cause hardship to his minor child. The trial court articulated Deaton's significant criminal history, discussed Deaton's substance abuse history and his failure to submit to court-ordered treatment in the past. The trial court concluded that past rehabilitative efforts had been unsuccessful.

The written sentencing order specified that the trial court found as aggravating circumstances: Deaton's criminal history, his violation of probation in committing the instant offense, his substance abuse history, and the failure of prior rehabilitative efforts. The court specified that mitigating circumstances included: Deaton's guilty plea, his cooperation with law enforcement, and undue hardship to his child.

As such, the trial court entered "a sentencing statement that includes a reasonably detailed recitation of its reasons." See id. We find no abuse of discretion.

Appropriateness of Sentence.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

There is nothing particularly remarkable in the nature of Deaton's offense of possession of methamphetamine. As to his character, Deaton has a substantial criminal history and a lengthy history of substance abuse, for which he has refused treatment.

Deaton's criminal history includes six prior felony convictions and twelve prior misdemeanor convictions. He has had probation revoked on four occasions. He was on probation for possession of cocaine, methamphetamine, or a schedule I or II narcotic drug at the time he committed the instant offense. Deaton reported using illegal drugs regularly, commencing at age sixteen. Nonetheless, he failed to complete substance abuse treatment court-ordered in 1992, 2003, and 2006.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the aggregate sixteen-year sentence imposed by the trial court.

### Conclusion

The trial court did not abuse its discretion by failing to enter an adequate sentencing statement for a felony sentence. Deaton's sentence is not inappropriate.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.